FILED

2016 SEP 30 PM 12: 12

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOANNE BURNS GREEN,
Plaintiff,

Case No. 6:16cv1712-orl-41GJK

vs.

STATEBRIDGE COMPANY, LLC,
   a Colorado limited liability company,

and

JOHN and JANE DOES I - IV
   Defendant(s)

## COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW the Plaintiff JOANNE BURNS GREEN (hereinafter referred to as "JOANNE GREEN" or "Plaintiff") by and through her undersigned counsel and files this Complaint for damages arising from Defendant's, STATEBRIDGE COMPANY, LLC, a Colorado limited liability company (hereinafter referred to as "STATEBRIDGE" or "Defendant") and JOHN and JANE DOES I through IV for their violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); and (2) the Florida Consumer Collection Practices Act, Florida Statutes, Chapter 559.55, *et seq.* (hereinafter the "FCCPA"), arising from Defendants': (1) demanding payments from JOANNE GREEN although STATEBRIDGE knew that the prior account owner (Bank of America) had waived any deficiency balance arising from the Alleged Account and that JOANNE GREEN's interest in the

1

Condominium securing the Alleged Account had already been foreclosed; and (2) reporting the Alleged Account to at least one consumer credit reporting agency without also reporting that JOANNE GREEN disputes the Alleged Account in violation of 15 U.S.C. § 1692e(8). The FDCPA and FCCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Consumer seeks an award of: (1) statutory damages in the amount of $ 2,000 (consisting of $ 1,000 pursuant to the FDCPA and $ 1,000 pursuant to the FCCPA); (2) actual damages against each of the Defendants; and (3) punitive damages; jointly and severally against each of the Defendants pursuant to the FCCPA.

## INTRODUCTION

1. This is an action for damages brought by an individual consumer, JOANNE BURNS GREEN (hereinafter "JOANNE GREEN" or "Plaintiff"), for Defendants' violations of : the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); and (2) the Florida Consumer Collection Practices Act, Florida Statutes, Chapter 559.55, *et seq.* (hereinafter the "FCCPA").

## STANDING

2. Defendant's attempts to collect the Alleged Account harmed Plaintiff by causing the very harms that Congress sought to prevent "abusive, deceptive, and unfair debt collection practices".

3. Defendant attempted to collect the Alleged Account by furnishing adverse information to consumer credit reporting agencies including Equifax without including a statement that Plaintiff disputes owing the debt (or words to that effect).

4. The first type of harm that Plaintiff suffered is a reputational injury caused by

Defendant's misrepresentations and/or incomplete statements to a credit reporting agency. Injury to Plaintiff's reputation is an intangible harm that is analogous to a harm traditionally recognized by the common law. The common law has long recognized a person's right to protect their reputation from injuries caused by misrepresentations and/or defamation.

5. In addition to satisfying *Spokeo's* concrete injury requirement because of a close relationship to a recognized common law harm, misrepresentations were explicitly recognized by Congress as a harm the Fair Debt Collection Practices Act sought to prevent. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states : "Means other than misrepresentations or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692 ( e ).

6. Defendant's attempts to collect the Alleged Account harmed Plaintiff by publishing disparaging comments about her credit without even informing recipients that Plaintiff disputed Defendant's claims.

7. Further, courts have recognized that actions alleging injury to reputation and that such harm is sufficient for Article III standing.

8. Defendant's attempts to collect the Alleged Account injured Plaintiff's credit history

9. Defendant's attempts to collect the Alleged Account injured Plaintiff's credit score.

10. Defendant's attempts to collect the Alleged Account injured Plaintiff's ability to obtain credit, insurance, housing, and employment.

11. Defendant's attempts to collect the Alleged Account harmed Plaintiff by causing Plaintiff aggravation and annoyance.

12. Defendant's attempts to collect the Alleged Account harmed Plaintiff by wasting

Plaintiff's time.

## I. JURISDICTION AND VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2002.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (Orange County, Florida) and the Defendants transact business here. Furthermore, Defendants sent or caused to be sent dunning letters to Plaintiff in this District.

## II. PARTIES

### JOANNE GREEN

15. Plaintiff, JOANNE BURNS GREEN (hereinafter, "JOANNE GREEN"), is a natural person who, at all times relevant, resided in Winter Park, Orange County, Florida.

16. At all times relevant to this action, Plaintiff JOANNE GREEN was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3) and Florida Statutes, § 559.55(2). JOANNE GREEN purchased the condominium to live in it as her residence and Bank of America provided financing secured by a second mortgage on the condominium.

### "STATEBRIDGE COMPANY, LLC"

17. Defendant, STATEBRIDGE COMPANY, LLC (hereinafter "STATEBRIDGE" or "Defendant") is a Colorado limited liability company whose principal place of business is 5680 Greenwood Plaza Blvd., Suite 100 S, in Greenwood Village, Colorado (80111).

18. Defendant, STATEBRIDGE may be served through its Florida registered agent,

Incorp. Services, Inc., 17888 67th Court in Loxahatchee, FL (33470).

19. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. These as yet unidentified defendants are referred to as JOHN and JANE DOES I - IV. The identity of these persons is known to Defendants STATEBRIDGE but is not presently known to Plaintiff.

20. Defendants STATEBRIDGE and DOES I - IV are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

21. Defendant STATEBRIDGE uses the instrumentalities of interstate commerce or the mail in its business.

22. Defendant STATEBRIDGE uses telephone communications in its business.

23. Defendant STATEBRIDGE uses the mail in its business.

24. The principal purpose of Defendant STATEBRIDGE's business is the collection of debts including but not necessarily limited to mortgage accounts which are in default when STATEBRIDGE assumes servicing.

25. Defendant STATEBRIDGE regularly collects or attempts to collect debts asserted to be owed or due to another.

26. With respect to Plaintiff's Account, Defendant STATEBRIDGE is a debt collector subject to the provisions of the Federal Fair Debt Collections Practices Act.

27. All acts of the individual defendants described below were with the authority and knowledge of STATEBRIDGE and were within the scope of the employment and agency of the

individual defendants.

## III  FACTUAL ALLEGATIONS

### A.  HISTORY OF THE MORTGAGE ACCOUNT BEFORE STATEBRIDGE BEGAN SERVICING

28. At all times material hereto, Bank of America, National Association, (including its predecessors in interest, hereinafter referred to as "Bank Of America, N.A.") was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4) and Florida Statutes, § 559.55(3). Plaintiff is informed and believes that Bank of America, N.A. originated and serviced a mortgage secured by a mortgage lien on JOANNE GREEN's former residence (the "Condominium").

29. At all times material heretso, the mortgage account (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5) and Florida Statutes, § 559.55(1).

30. On or about May 14, 2013, Bank of America, N.A. filed an action to foreclose on the second mortgage in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Case No. 48-2013-CA-006679-O).

31. On or about November 13, 2013, the parties entered into a "Stipulated Consent to Final Summary Judgment of Mortgage Foreclosure" which, in effect, provided that Bank of America, N.A. would obtain a judgment *in rem* and would not obtain or pursue a deficiency judgment against JOANNE GREEN. The Stipulation was either known to Defendant STATEBRIDGE (though documents contained in the "boarding file") or was reasonably ascertainable to STATEBRIDGE.

### B.  STATEBRIDGE COMMENCES SERVICING

32. At some unknown time in the past, Defendant STATEBRIDGE directly or

indirectly contracted with Bank of America. N.A.'s alleged successors in interest (whose identity is believed to be Primestar-H Fund II) for the purpose of collecting the afore described "past due" consumer debt.

33. Plaintiff is informed and believes that Servicing of the Alleged Account transferred from Fay Servicing to STATEBRIDGE effective September 3, 2014. Plaintiff is informed and believes that Defendant STATEBRIDGE received (1) a loan file commonly referred to as a "boarding file" in order to perform its duties as servicer and that the boarding file contained evidence that JOANNE GREEN no longer owed the Alleged Debt including a copy of the Joint Stipulation between Bank of America and JOANNE GREEN; and (2) additional documents evidencing that JOANNE GREEN disputed owing the Alleged Debt including but not necessarily limited to dispute letter(s) that JOANNE GREEN sent to the prior servicer (Fay Servicing); and/or notes of telephone conversations evidencing that JOANNE GREEN disputed owing the Alleged Debt (based upon the Joint Stipulation with Bank of America).

34. As more particularly described below, Defendant STATEBRIDGE through its agents, employees, and/or representatives began a pattern of conduct reasonably calculated to harass, threaten or coerce JOANNE GREEN into paying the Alleged Account.

35. Plaintiff is informed and believes that an entity identified as "Primestar-H Fund II" allegedly acquired the Alleged Account and contracted with STATEBRIDGE to handle all aspects of "servicing" the Alleged Account including but not limited to billing and handling any foreclosure litigation. Primestar-H granted STATEBRIDGE a power of attorney to accelerate loans, declare defaults, "to handle all aspects of foreclosure on behalf of Owner [PrimeStar-H]".

36. On or about March 4, 2015, "Wilmington Savings Fund Society FSB, Not its

Individual Capacity But Solely As Trustee For the Primestar-H Fund II ("Wilmington Savings") filed an action to foreclose on the second mortgage in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Case No. 2015-CA-002085).

### JOANNE GREEN DISPUTED OWING THE ALLEGED ACCOUNT

37.  During March, 2015, JOANNE GREEN mailed a letter to STATEBRIDGE which acknowledged receipt of STATEBRIDGE's letter (dated February 12, 2015) and expressly stated "I do not owe your company any money." JOANNE GREEN enclosed a copy of the "Stipulated Consent To Final Summary Judgment" whereby Bank of America waived any deficiency balance. JOANNE GREEN explained that someone wiped out her title to the Condominium along with approximately 30 other owners' units. JOANNE GREEN also provided her attorney's name (Robert Horst of The Overchuck Law Firm) along with his business telephone number and address.

38.  Defendant STATEBRIDGE received a copy of the letter from JOANNE GREEN. The United States Postal Service did not return the letter to JOANNE GREEN. If the United States Postal Service has not returned the letter, there is a presumption that the Defendant STATEBRIDGE received the letter.

### STATEBRIDGE CONTINUED TO DEMAND PAYMENT

39.  On or September 8, 2015, Defendant STATEBRIDGE mailed or caused to be mailed a "Mortgage Statement" demanding that JOANNE GREEN pay $ 27,586.10 on or before October 1, 2015, and further stating that the "Outstanding Principal" was $ 119,530.23. The Mortgage Statement included a perforated payment coupon and an envelope for JOANNE GREEN to mail her payment. [The September 8, 2015, Mortgage Statement is time barred und

the FDCPA and Plaintiff brings only her FCCPA claims arising from this Mortgage Statement and similar Mortgage Statements dated June 1, 2015, and July 1, 2015.]

40. On or October 5, 2015, Defendant STATEBRIDGE mailed or caused to be mailed a "Mortgage Statement" demanding that JOANNE GREEN pay $ 28,208.65 on or before November 1, 2015, and further stating that the "Outstanding Principal" was $ 119,530.23. The Mortgage Statement included a perforated payment coupon and an envelope for JOANNE GREEN to mail her payment.

41. During November, 2015, JOANNE GREEN retained counsel – the law firm of "The Central Florida Law Group" including J. Merino, Esq. –– to vacate a clerk's default and oppose a default judgment. Ms. Green's counsel contacted counsel of record for Wilmington Trust and informed Defendant's agent (foreclosure counsel of record) that JOANNE GREEN did not owe the Alleged Account, that Bank of America had released JOANNE GREEN from any alleged deficiency balance, and that JOANNE GREEN did not hold title to the Condominium.

42. On or about November 20, 2015, Defendant STATEBRIDGE obtained a default judgment against JOANNE GREEN *in rem* and waived any deficiency.

43. On December 7, 2015, STATEBRIDGE filed a Motion to Vacate the Judgment and the Circuit Court heard the motion on December 16, 2015.

44. On or about December 16, 2015, the Circuit Court entered an order granting plaintiff's (Wilmington Trust's) motion to vacate final judgment, cancel sale, and dismiss case and release lis pendens.

45. No later than December 7, 2015, STATEBRIDGE knew that Bank of America released Plaintiff of any liability for the Alleged Account. Nevertheless, STATEBRIDGE

continued contacting Plaintiff and report to credit reporting agencies that Plaintiff owed money to STATEBRIDGE without even reporting that Plaintiff had disputed owing STATEBRIDGE any money.

### STATEBRIDGE CONTINUED TO CONTACT JOANNE GREEN

46. On or about February 2, 2016, Defendant STATEBRIDGE called JOANNE GREEN and left a message asking her to call STATEBRIDGE about the Alleged Account.

47. On or about March 4, 2016, Defendant STATEBRIDGE called JOANNE GREEN and left a message which identified the caller as Michael Jones calling for STATEBRIDGE about the Alleged Account.

### STATEBRIDGE CONTINUED TO REPORT THE DEBT WITHOUT DISCLOSING "DISPUTED BY CONSUMER"

48. Plaintiff is informed and believes that, at least as recently as April, 2016, Defendant STATEBRIDGE reported to a credit bureau commonly referred to as "Equifax" that JOANNE GREEN : (1) owed Defendant a balance in the amount of $ 152,737: (2) of which $ 31,345 was "Past Due"; (3) owed a monthly payment in the amount of $ 622; and (4) that her payments were behind "180 Days Past Due" and failed to report "Disputed By Consumer", "Consumer Disputes" or similar codes or comment.

49. Defendant STATEBRIDGE failed to inform Equifax that JOANNE GREEN disputed the account during one or more of the afore-described monthly reporting cycles.

### ADDITIONAL ALLEGATIONS

50. All communications, including all of the communications by Defendants DOES I - IV were made on behalf of Defendant STATEBRIDGE.

51. The acts and omissions of STATEBRIDGE and its employees were willful, malicious, intentional and knowing, and in gross or reckless disregard of the rights of JOANNE GREEN and were part of STATEBRIDGE's regular and routine debt collection practices.

52. Upon information and belief the Defendant kept written documentation and/or computer record(s) that document telephone call(s) to the Plaintiff concerning the Alleged Account.

53. Upon information and belief the Defendant kept written documentation and/or computer record(s) that document telephone call(s) from the Defendant to the Plaintiff concerning the Alleged Account.

54. Upon information and belief the Defendant made audio recording(s) or all of its telephone conversations with the Plaintiff.

55. Upon information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) with the Plaintiff.

56. Upon information and belief the Defendant has a copy or copies of all of the audio recording(s) of its telephone conversations with the Plaintiff.

57. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff substantiate the Plaintiff's allegations in this action.

58. As an actual and proximate result of the acts and omissions of the Defendants, JOANNE GREEN has suffered actual damages and injury for which he should be compensated in an amount to be established by jury and at trial. Plaintiff JOANNE GREEN is entitled to the actual and statutory damages pursuant to the FDCPA and statutory and punitive damages pursuant to the FCCPA.

59. All of Defendant STATEBRIDGE's collection actions alleged as violating the Fair Debt Collection Practices Act in this action occurred within one year of the date of this Complaint. [For purposes of clarity, Plaintiff acknowledges that the mortgage statements dated before October 1, 2015, occurred more than one year prior to filing this action and, therefore, is not seeking recovery pursuant to the Fair Debt Collection Practices Act for these particular statements.]

60. All of Defendant STATEBRIDGE's collection actions alleged as violating the Florida Consumer Collection Practices Act in this action occurred within two years of the date of this Complaint.

61. The statements made by Defendants STATEBRIDGE and JOHN and JANE DOES I - IV are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

62. JOANNE GREEN has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

### V. FIRST CLAIM FOR RELIEF
(Fair Debt Collections Practices Act)

63. Plaintiff JOANNE GREEN repeats and re-alleges and incorporates by reference paragraphs 1 through 38 and 40 through 62 above.

64. As more particularly described above, Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants STATEBRIDGE and JOHN and JANE DOES I - IV violated 15

U.S.C. § 1692(e) prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt;

(b) Defendants STATEBRIDGE and JOHN and JANE DOES I - IV violated 15 U.S.C. § 1692(e)(2) which prohibits debt collectors from making false representations of "the character, amount, or legal status of any debt"; and

(c) Defendants STATEBRIDGE and JOHN and JANE DOES I - IV violated 15 U.S.C. § 1692e(8) prohibiting debt collectors from communicating or threatening to communicate to any person credit information which is known to be false or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

65. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees (pursuant to 15 U.S.C. § 1692k).

## VI. SECOND CLAIM FOR RELIEF
(Florida Consumer Collections Practices Act)

66. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs 1 - 62.

67. Defendant STATEBRIDGE and JOHN and JANE DOES also violated Fla. Stat., Ch. 559, § 559.72(9) by mailing the Mortgage Statements and also by calling JOANNE GREEN attempting to collect the Alleged Debt.

68. Defendants STATEBRIDGE and JOHN and JANE DOES I - IV violated the Florida

Consumer Collection Practices Act (hereinafter the "State Act".) Defendants' violations of the State Act include, but are not limited to, the following:

(a) The Defendants STATEBRIDGE and JOHN and JANE DOES I - IV violated Fla. Stat., Ch 559, § 559.72(9) which, in pertinent part, prohibits debt collectors from "claim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." and/or

69. Defendants' acts as described above were done intentionally with the purpose of collecting or attempting to collect a debt or to coerce Plaintiff to pay the alleged debt.

70. As a result of the above violations of the state Act, the Defendants STATEBRIDGE and JOHN and JANE DOES I through IV are liable to the Plaintiff for actual damages, statutory damages, punitive damages, attorney's fees and costs pursuant to F.S. CH 559, § 559.77.

**WHEREFORE**, Plaintiff JOANNE BURNS GREEN respectfully prays that judgment be entered against the Defendants, STATEBRIDGE COMPANY, LLC , a Colorado limited liability company, and JOHN and JANE DOES I - IV for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k and F.S., CH 559, § 559.77;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Statutory damages pursuant to F.S., CH 559, § 559.77;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and F.S., CH 559, § 559.77;

E. Punitive damages pursuant to F.S., CH 559, § 559.77; and

G. For such other and further relief as may be just and proper.

14

## JURY TRIAL DEMAND

Plaintiff JOANNE BURNS GREEN demands a trial by jury on all issues so triable.

DATED : SEPTEMBER 30, 2016

/s/ Donald E. Petersen
DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802 - 1948
Florida Bar Number :   0776238
Voice :                   (407) 648 - 9050
Assistant / Messages : (407) 403 - 6760
E.C.F. :                   depecf@gmail.com
Email :     Petersen221@yahoo.com
Assistant's Email : KristinaMiddleton15@gmail.com
Lead Trial Counsel (to be noticed) for the Plaintiff,
JOANNE BURNS GREEN